COPY

GARY A. CLARK, Cal. Bar No. 65455
gclark@sheppardmullin.com
DARREN M. FRANKLIN, Cal. Bar No. 210939
dfranklin@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Of Counsel:
ROBERT E. BROWNE
rbrowne@ngelaw.com
WILLIAM J. LENZ
wlenz@ngelaw.com
MAURICE E. FINNEGAN, III
mfinnegan@ngelaw.com
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, Illinois 60602-3801
Telephone: 312-269-8000
Facsimile: 312-269-1747

Attorneys for Plaintiff
PRECI-DIP SA

FILED
2008 DEC 31 PM 2:38
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ____________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PRECI-DIP SA, a Swiss Corporation,<br>Plaintiff,<br>v.<br>TRI-STAR ELECTRONICS INTERNATIONAL, INC., a Delaware Corporation,<br>Defendant. | Case No. CV08-08655 VBF (CTx)<br><br>**COMPLAINT FOR:**<br>**(1) DECLARATION OF PATENT NONINFRINGEMENT;**<br>**(2) DECLARATION OF PATENT INVALIDITY AND UNENFORCEABILITY;**<br>**(3) FEDERAL UNFAIR COMPETITION;**<br>**(4) VIOLATION OF CALIFORNIA UNFAIR COMPETITION ACT;**<br>**(5) CALIFORNIA COMMON LAW UNFAIR COMPETITION; AND**<br>**(6) INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE BUSINESS ADVANTAGE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Preci-Dip SA ("Preci-Dip") files this Complaint against Defendant Tri-Star Electronics International, Inc. ("Tri-Star") and alleges as follows:

## PARTIES

1. Preci-Dip is a corporation organized under the laws of Switzerland, with a principal place of business at Rue St Maurice 34, CH-2800 Delémont, Switzerland.

2. Preci-Dip is a world leader in the design, manufacture and sale of cutting-edge interconnect components, such as its patented interconnect component that is the subject of this action.

3. Upon information and belief, Tri-Star is a corporation organized under the laws of Delaware, with a principal place of business at 2201 Rosecrans Ave., El Segundo, California 90245.

4. Tri-Star is a competitor of Preci-Dip and has alleged, through among other things a complaint and communications with Preci-Dip's customers, that Preci-Dip's patented interconnect component infringes U.S. Pat. No. 6,250,974 (the "'974 Patent"), alleged to be owned by Tri-Star.

## NATURE OF THE ACTION

5. This Complaint states claims based on Tri-Star's unfair competition in violation of 15 U.S.C. § 1125(a)(1)(B), Cal. Bus. & Prof. Code § 17200 *et seq*. and California common law, as well as Tri-Star's tortious interference with Preci-Dip's contractual and future business relationships. The Complaint further seeks a declaration of non-infringement, invalidity, and unenforceability of the '974 Patent.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under one or more of the following statutes: 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332

(diversity of citizenship), 28 U.S.C. § 1338 (patents, unfair competition), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Tri-Star is located within the Central District of California and has substantial business contacts in this District including, but not limited to, its conduct of business within this District, the presence of significant customers within this District, and the presence of at least one significant Tri-Star distributor within this District. A substantial part of the events giving rise to the claims set forth herein occurred within this District. Therefore, Tri-Star is subject to personal jurisdiction in the Central District of California.

8. Venue is proper under 28 U.S.C. § 1391 (a), (b) and (c).

## BACKGROUND AND FACTS RELATED TO THIS ACTION

9. Preci-Dip manufactures and sells a MIL (Military) contact with reversed clip under military specification MIL C-39029 (the "Preci-Dip Reversed Clip Contact"). The Preci-Dip Reversed Clip Contact comprises three main parts: a contact body, a reversed clip, and a hood.

10. The Preci-Dip Reversed Clip Contact is covered by one or more claims of Preci-Dip's U.S. Patent No. 6,264,508 (the "'508 Patent"). A copy of the '508 Patent is attached as Exhibit B.

11. Preci-Dip sells the Preci-Dip Reversed Clip Contact through its distributors and to various customers, some of which are located in the United States and within this District.

12. The '974 Patent, alleged to be owned by Tri-Star, is directed to a hoodless electrical socket contact and is appropriately entitled, "Hoodless Electrical Socket Contact." (See Exhibit A.) On its face, the '974 Patent was assigned to Tri-Star Electronics International, Inc., an Ohio corporation. The '974 Patent was the subject of an assignment document to Tri-Star (Ohio), executed by the inventor, Leslie Kurek, eighteen months after Tri-Star (Ohio) dissolved. As discussed in

detail below, Defendant Tri-Star is not the actual owner of the '974 Patent, though it has represented that it is.

13. Upon information and belief, Tri-Star directly, or through its agents, distributors, and affiliates, sells and distributes various hooded electrical socket contacts throughout the United States, including within this District, but does not sell any "hoodless" socket contact as disclosed in or covered by the claims of its '974 patent.

14. On January 25, 2006, Tri-Star sent a letter to Preci-Dip indicating, among other things, that Tri-Star believed "Preci-Dip may be in violation of Tri-Star's reverse clip contact design." (See Exhibit C.) This letter did not identify the '974 Patent.

15. After conducting an investigation, including determining which patents were allegedly owned by Tri-Star, Preci-Dip responded to Tri-Star's letter on April 26, 2006, stating Preci-Dip had concluded that it did not infringe any valid, enforceable claim of Tri-Star's '974 Patent. (See Exhibit D.)

16. When Preci-Dip did not receive any response to its April 26, 2006 letter, Preci-Dip proceeded with its business, investing substantial money, time and effort in expanding its products and sales, all while operating under the assumption that Tri-Star agreed with its conclusion of noninfringement. However, nineteen (19) months later, on November 14, 2007, Tri-Star sent another letter, once again accusing Preci-Dip's Reversed Clip Contact of "violating [Tri-Star's] patent filings" without any explanation of why or how Preci-Dip allegedly infringed. (See Exhibit E.)

17. Several months later, Preci-Dip learned from a customer that Tri-Star was circulating a complaint it had apparently filed against Preci-Dip in the Central District of California (the "Tri-Star Complaint"), accusing Preci-Dip's Reversed Clip Contact of, among other things, infringing the '974 Patent. The Tri-

Star Complaint is currently pending as Civil Action 2:08-cv-04226-GAF-AJW in the Central District of California.

18. Soon after filing its complaint, Tri-Star sent a letter to Preci-Dip's main offices in Switzerland. The letter asked Preci-Dip to accept service of Tri-Star's Complaint, a copy of which was attached thereto. Despite being sent to a Swiss corporation, in Switzerland, both the letter and the complaint were in English.

19. Contemporaneously with the filing of its complaint, Tri-Star sent a letter to numerous customers and distributors of Preci-Dip informing them of Tri-Star's Complaint and its claims that Preci-Dip's Reversed Clip Contact infringes the '974 patent. A copy of one of the customer letters is attached as Exhibit F.

20. Thereafter, Tri-Star personnel intentionally called some of these same Preci-Dip customers to, among other things, further threaten and coerce them to not buy Preci-Dip's Reversed Clip Contact.

21. In addition to the threats and coercions by Tri-Star, Tri-Star also made false and disparaging remarks regarding Preci-Dip's Reversed Clip Contact product. Specifically, Tri-Star stated that Preci-Dip's product did not meet military specifications MIL C-39029, a statement that Tri-Star knew to be false. Attached as Exhibit G is a Qualified Products List from December 18, 2003, and letters from the Department of the Navy from October 22, 2008, May 8, 2008 and June 5, 2003, each showing that Preci-Dip's product currently meets, and has met for a long period of time, the required military specifications.

22. At least one Preci-Dip customer, who also distributes Tri-Star products, was told by Tri-Star that if it continued to carry Preci-Dip products, Tri-Star would terminate its relationship with the customer. Indeed, at the time of this filing, Preci-Dip is aware of at least one customer who has cancelled its contract with Preci-Dip because of Tri-Star's bad faith threats.

23. On information and belief, Tri-Star has a nonexclusive agreement with its distributors/customers that unlawfully prohibits these distributors from handling competitive products.

24. As stated above, upon information and belief, Defendant Tri-Star, a Delaware corporation, does not own the '974 Patent. The patent application that eventually issued as the '974 Patent, App. Serial No. 09/395,515, was filed for the "Hoodless Electrical Socket Connector" as a continuation-in-part application (a "CIP application") on September 14, 1999. This CIP application was the subject of an assignment, which is attached as Exhibit H, from the inventor, Mr. Kerek, to Tri-Star Electronics International, Inc., an Ohio corporation. As seen in Exhibit H, this assignment was executed on September 14, 1999.

25. However, on December 31, 1997, Tri-Star Electronics International, Inc., the Ohio corporation, was merged into Tri-Star Electronics International, Inc., a foreign corporation incorporated under the laws of the State of California and not licensed to transact business in Ohio. (See Exhibit I, pages 06172-0503 to 06172-0510.)

26. The effective date of the above merger, according to documents filed in the State of Ohio, was December 31, 1997. (See Exhibit I, page 06172-505.)

27. As provided under the Statement of Merger document (see Exhibit I, pages 06172-0502 to 06172-0510), upon the filing of the Statement of Merger, the Ohio Tri-Star was merged into the California Tri-Star corporation and, under Ohio law, the Ohio Corporation ceased to exist. In fact, officers of Tri-Star of California filed Affidavits required by the Secretary of State of Ohio with the Departments of Taxation and Employment Services of Ohio to advise of the dissolution of the Ohio corporation. Thus, under Ohio law, Tri-Star, an Ohio corporation, ceased to exist on December 31, 1997.

28. As seen, the '974 Patent was assigned to an Ohio corporation on September 14, 1999, twenty-one (21) months after the Ohio corporation ceased to

exist. As a result, the ownership of, and title to, the '974 patent still resides in the inventor, Mr. Kerek. The '974 Patent has not been assigned to any existing corporation.

29. Defendant Tri-Star, a Delaware corporation, therefore, does not hold title to the '974 patent.

## CAUSES OF ACTION

## COUNT I

### Declaration of Noninfringement

30. Preci-Dip realleges and incorporates herein the preceding paragraphs 1-29 of this Complaint.

31. Preci-Dip has not infringed, is not now infringing, and has not contributorily infringed or induced infringement of any valid claims of the '974 Patent, either literally or under the doctrine of equivalents. In particular, the '974 Patent is directed to a hoodless electrical connector. This invention is distinguished from prior-existing, hooded, three-piece contacts, of which Preci-Dip's Reversed Clip Contact is a good example, throughout both the description and prosecution history of the '974 Patent. As such, Preci-Dip's products cannot be said to infringe the '974 Patent.

32. Preci-Dip is, therefore, entitled to a judicial determination and declaration that its products do not infringe, and have not infringed, any valid claim of the '974 Patent, and that Preci-Dip has not committed any act of infringement of the '974 Patent with respect to products made or sold by Preci-Dip since issuance of the '974 Patent.

## COUNT II

### Declaration of Invalidity and Unenforceability

33. Preci-Dip realleges and incorporates herein the preceding paragraphs 1-32 of this Complaint.

34. Preci-Dip alleges, on information and belief, that each and every claim of the '974 Patent is invalid, unenforceable and/or void for failure to comply with one or more of the requirements of the Patent Laws of the United States, including 35 U.S.C. §§ 101, 102, 103 and 112.

35. Specifically, Preci-Dip alleges that the '974 Patent is unpatentable under 35 U.S.C. § 102(b) as being anticipated by various prior art references including, but not limited to, U.S. Pat. No. 5,088,942 (the "'942 Patent"), a copy of which is attached hereto as Exhibit J. Additionally, Preci-Dip alleges that the claims are unpatentable under 35 U.S.C. § 103(a) as being obvious in light of various prior art references including, but not limited to, the '942 Patent.

36. Moreover, the '974 Patent is unenforceable because Tri-Star has misused its patent and has unlawfully attempted to extend the scope of its alleged patent rights under the '974 Patent.

37. Preci-Dip is, therefore, entitled to a judgment declaring that the '974 Patent is invalid, void and unenforceable.

## COUNT III

### Federal Unfair Competition (15 U.S.C. § 1125(a)(1)(B))

38. Preci-Dip realleges and incorporates herein the preceding paragraphs 1-37 of this Complaint.

39. As set forth above, Tri-Star has embarked on a campaign targeted at smearing the goodwill associated with Preci-Dip's name and Reversed Clip Contact product and threatening Preci-Dip's own customers with legal proceedings for buying or selling the Preci-Dip product.

40. In particular, on information and belief, Tri-Star has systematically and continually used in commerce false and misleading representations of fact. Specifically, Tri-Star personnel called several of Preci-Dip's customers and distributors and falsely represented that the Preci-Dip Reversed Clip

Contact did not meet the military specifications for which it was designed. Such statements misrepresent the characteristics and qualities of Preci-Dip's goods.

41. In addition, on information and belief, Tri-Star has embarked in bad faith on a campaign to harass, illegally threaten and coerce Preci-Dip's own customers to stop selling the Preci-Dip Reversed Clip Contact.

42. Tri-Star's conduct is causing, and is likely to continue to cause in the future, damage to Preci-Dip, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

43. Tri-Star's unauthorized and tortious conduct also has deprived and will continue to deprive Preci-Dip of the ability to control the consumer perception of its goods, placing the valuable reputation and goodwill of Preci-Dip in the hands of Tri-Star, over whom Preci-Dip has no control.

44. Tri-Star's misrepresentations, bad-faith threats and other conduct, particularly toward Preci-Dip's current and potential customers, render this case exceptional under 15 U.S.C. § 1117(a).

45. As a result of Tri-Star's aforesaid conduct, Preci-Dip has suffered substantial damage and irreparable harm constituting an injury for which Preci-Dip has no adequate remedy at law. Unless this Court enjoins Tri-Star's conduct, Preci-Dip will continue to suffer irreparable harm.

## COUNT IV

### Violation of the California Unfair Competition Act (Cal. Bus. & Prof. Code § 17200 et seq.)

46. Preci-Dip realleges and incorporates herein the preceding paragraphs 1-45 of this Complaint.

47. Tri-Star's aforesaid conduct constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200 et seq.

48. These wrongful acts have proximately caused and will continue to cause plaintiff Preci-Dip substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers and injury to its reputation. These actions will cause imminent irreparable harm and injury to Preci-Dip, the amount of which will be difficult to ascertain, if they continue. Preci-Dip is without an adequate remedy at law.

49. Preci-Dip is entitled to a preliminary and permanent injunction restraining Tri-Star and its members, officers, agents, employees, and other all persons acting in concert with Tri-Star from engaging further in such unlawful conduct.

## COUNT V

### California Common Law Unfair Competition

50. Preci-Dip realleges and incorporates herein the preceding paragraphs 1-55 of this Complaint.

51. Tri-Star's blatant misrepresentations to current and potential customers as to the characteristics of Preci-Dip's products, as well as the false allegations of Preci-Dip's infringement of Tri-Star's '974 Patent amount to an intentional misappropriation of Preci-Dip's name, reputation and commercial advantage. As a result of Tri-Star's willful and intentional misappropriation and tarnishment of Preci-Dip's valuable goodwill, Tri-Star will be unjustly enriched.

52. Tri-Star's acts described above constitute unfair competition in violation of California common law, as the aforementioned acts amount to an intentional misappropriation of Preci-Dip's reputation and commercial advantage.

53. As a result of Tri-Star's aforesaid conduct, Preci-Dip has suffered substantial damage and irreparable harm constituting an injury for which Preci-Dip has no adequate remedy at law. Unless this Court enjoins Tri-Star's conduct, Preci-Dip will continue to suffer irreparable harm.

## COUNT VI

**Interference with Contractual Relations and Prospective Business Advantage**

54. Preci-Dip realleges and incorporates herein the preceding paragraphs 1-59 of this Complaint.

55. Based on its worldwide relationships with its retailers and customers, Preci-Dip had and has valid business relationships and contracts with existing customers as well as potential customers for its many products, including the Preci-Dip Reversed Clip Contact. The contracts and business relationships provided economic benefits and advantages to Preci-Dip.

56. On information and belief, Tri-Star had knowledge of Preci-Dip's business relationships and contracts with existing customers, as well as with potential customers, for its many products, including the Preci-Dip Reversed Clip Contact.

57. On information and belief, Tri-Star wrongfully, intentionally and in bad faith interfered with and sought to prevent contract formation, procured and sought to procure contractual breach, and induced and sought to induce termination of Preci-Dip's business relationships and contracts with existing customers, as well as with potential customers, for Preci-Dip's many product lines, including the Preci-Dip Reversed Clip Contact. Tri-Star's improper and tortious interference stems from its filing of the Tri-Star Complaint, as well as its further improper conversations and maliciously false representations with Preci-Dip's current and potential costumers. Tri-Star enjoyed no privilege and was not justified in its intentional, improper and bad faith actions taken to interfere with Preci-Dip's business relationships. Tri-Star has acted with malice, oppression, and fraud.

58. Tri-Star's unlawful conduct has caused and will continue to cause Preci-Dip substantial damage and irreparable harm constituting an injury for which Preci-Dip has no adequate remedy at law. Unless this Court enjoins Tri-Star's conduct, Preci-Dip will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Preci-Dip requests that the Court enter judgment in its favor and against Tri-Star as follows:

A. Declaring that the '974 Patent is invalid, void and unenforceable;

B. Declaring that Preci-Dip and Preci-Dip's products do not infringe, and have not infringed, any valid claim of the '974 Patent;

C. Declaring that Preci-Dip has not committed any act of infringement of the '974 Patent;

D. Enjoining Preci-Dip, its officers, agents, employees, representatives, successors, assigns, and counsel, and all parties acting in privity or concert with it, permanently and preliminarily during the pendency of this action, from directly or indirectly asserting or charging infringement of the '974 Patent against Preci-Dip and its representatives, agents, distributors, customers, and contractors, present and prospective;

E. Declaring this an exceptional case under 35 U.S.C. § 285, and rendering an award to Preci-Dip of its reasonable attorneys' fees, expenses and costs in this action;

F. Declaring that Tri-Star's actions complained of above constitute Federal Unfair Competition in violation of 15 U.S.C. § 1125(a), enjoining Tri-Star from continuing such acts, and awarding Preci-Dip damages under 15 U.S.C. § 1117;

G. Declaring this an exceptional case under 15 U.S.C. § 1117 and rendering an award to Preci-Dip of its damages, as trebled, reasonable attorneys' fees, expenses and costs in this action;

H. Declaring that Tri-Star's actions complained of above constitute a violation of the California Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 et seq., and enjoining Tri-Star from continuing such acts;

I. Declaring that Tri-Star's actions complained of above constitute a violation of California common law unfair competition and enjoining Tri-Star from continuing such acts;

J. Granting Preci-Dip damages and such other and future relief as this Court deems just and proper.

Dated: December 31, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By Darren Franklin
DARREN M. FRANKLIN

Attorneys for Plaintiff
PRECI-DIP SA

**DEMAND FOR JURY TRIAL**

Plaintiff Preci-Dip SA hereby demands a jury trial on all issues triable of right by a jury.

Dated: December 31, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By Darren Franklin
DARREN M. FRANKLIN

Attorneys for Plaintiff
PRECI-DIP SA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

**2:CV08- 8655 VBF (CTx)**

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | **[ ] Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | **[ ] Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

GARY A. CLARK, Cal. Bar No. 65455
gclark@sheppardmullin.com
DARREN M. FRANKLIN, Cal. Bar No. 210939
dfranklin@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON
333 South Hope Street, 48th Floor
Los Angeles, CA 90071
Telephone: 213-620-1780

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRECI-DIP SA, a Swiss Corporation<br>PLAINTIFF(S)<br>V. | CASE NUMBER<br>CV08-08655 VBF (CTx) |
| TRI-STAR ELECTRONICS INTERNATIONAL, INC., a Delaware Corporation<br>DEFENDANT(S). | **SUMMONS** |

TO:DEFENDANT(S): TRI-STAR ELECTRONICS INTERNATIONAL, INC.

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Gary A. Clark, whose address is 333 South Hope Street, 48th Floor Los Angeles, CA 90071-1448. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clark, U.S. District Court

Dated: DEC 31 2008

By: Natalie Longoria
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*



American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself [ ])
PRECI-DIP SA, a Swiss Corporation

**DEFENDANTS**
TRI-STAR ELECTRONICS INTERNATIONAL, INC., a Delaware Corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GARY A. CLARK, Cal. Bar No. 65455
DARREN M. FRANKLIN, Cal. Bar No. 210939
SHEPPARD, MULLIN, RICHTER & HAMPTON
333 South Hope Street, 48th Floor
Los Angeles, CA 90071, Telephone: 213-620-1780

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1 U.S. Government Plaintiff
[X] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify):
[ ] 6 Multi-District Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No

[X] **MONEY DEMANDED IN COMPLAINT: $** ____________

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 2201 (declaration of patent noninfringement, invalidity, unenforceability); 15 U.S.C. § 1125 (unfair competition)

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks and Banking
[ ] 450 Commerce/ICC Rates/etc.
[ ] 460 Deportation
[ ] 470 Racketeer Influenced and Corrupt Organizations
[ ] 480 Consumer Credit
[ ] 490 Cable/Sat TV
[ ] 810 Selective Service
[ ] 850 Securities/Commodities/ Exchange
[ ] 875 Customer Challenge 12 USC 3410
[ ] 890 Other Statutory Actions
[ ] 891 Agricultural Act
[ ] 892 Economic Stabilization Act
[ ] 893 Environmental Matters
[ ] 894 Energy Allocation Act
[ ] 895 Freedom of Info. Act
[ ] 900 Appeal of Fee Determination Under Equal Access to Justice
[ ] 950 Constitutionality of State Statutes

**CONTRACT**
[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement of Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Contract Product Liability
[ ] 196 Franchise

**REAL PROPERTY**
[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

**TORTS PERSONAL INJURY**
[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Fed. Employers' Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury
[ ] 362 Personal Injury-Med Malpractice
[ ] 365 Personal Injury-Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
[ ] 462 Naturalization Application
[ ] 463 Habeas Corpus-Alien Detainee
[ ] 465 Other Immigration Actions

**TORTS PERSONAL ROPERTY**
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

**BANKRUPTCY**
[ ] 22 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
[ ] 441 Voting
[ ] 442 Employment
[ ] 443 Housing/Accommodations
[ ] 444 Welfare
[ ] 445 American with Disabilities – Employment
[ ] 446 American with Disabilities – Other
[ ] 440 Other Civil Rights

**PRISONER ETITIONS**
[ ] 510 Motions to Vacate Sentence Habeas Corpus
[ ] 530 General
[ ] 535 Death Penalty
[ ] 540 Mandamus/ Other
[ ] 550 Civil Rights
[ ] 555 Prison Condition

**FORFEITURE / PENALTY**
[ ] 610 Agriculture
[ ] 620 Other Food & Drug
[ ] 625 Drug Related Seizure of Property 21 USC 881
[ ] 630 Liquor Laws
[ ] 640 R.R.& Truck
[ ] 650 Airline Regs
[ ] 660 Occupational Safety /Health
[ ] 690 Other

**LABOR**
[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Mgmt. Relations
[ ] 730 Labor/Mgmt. Reporting & Disclosure Act
[ ] 740 Railway Labor Act
[ ] 790 Other Labor Litigation
[ ] 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
[ ] 820 Copyrights
[X] 830 Patent
[ ] 840 Trademark

**SOCIAL SECURITY**
[ ] 61 HIA(1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW 405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV08-08655

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): CV 08-04226 GAF (AJWx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | PRECI-DIP SA - Switzerland |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| TRI-STAR ELECTRONICS INTERNATIONAL, INC. - Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Darren Franklin **Date** 12/31/2008
Darren M. Franklin

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |


American LegalNet, Inc. www.FormsWorkflow.com